UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| ACCORDIA LIFE AND ANNUITY COMPANY,,<br><br>    Plaintiff,<br><br>v.<br><br>BE THI NGUYEN, et al.,<br><br>    Defendants. | Case No. 17-cv-05144-BLF<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION; AND GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO DEPOSIT AND DISMISS**<br><br>[Re: ECF 41-1] |

Plaintiff Accordia Life and Annuity Company filed this interpleader action to resolve potential competing claims between Defendants Be Thi Nguyen, H.P., J.P., and Vi Thi Be Nam regarding proceeds from decedent Thanh Van Pham's ("Pham") life insurance policy. Compl. 1, ECF 1. Defendant Be Thi Nguyen was Pham's domestic partner, and Defendants H.P. and J.P. are their children. *Id.* ¶¶ 11, 13. An investigation uncovered that Pham had a wife, Defendant Ve Thi Be Nam, in Vietnam. *Id.* at ¶¶ 14, 16.

Plaintiff moves for an order (1) permitting Plaintiff to deposit the policy proceeds along with any applicable interest with the Court, (2) dismissing Plaintiff with prejudice, and (3) awarding Plaintiff the attorneys' fees and costs it incurred in filing this action ("Motion to Deposit and Dismiss"). Mot., ECF 41. The deadline to file an opposition to Plaintiff's motion has now passed, and no party has opposed the motion. *See* ECF 45.

Magistrate Judge Susan van Keulen issued a Report and Recommendation ("Report") on this matter. Report, ECF 49. The Report recommends granting Plaintiff's request for (1) permission to deposit the proceeds and (2) an order dismissing Plaintiff from this action with prejudice. *Id.* at 2–3. The Report recommends denying Plaintiff's request for attorneys' fees and costs because Plaintiff has failed to submit any evidence in support of its fees request. *Id.* at 3–4.

The Court agrees with those recommendations and thus adopts the Report for the reasons stated below.[1]

First, in an interpleader action, a party may deposit the disputed property into the Court's registry. *Methven & AssociatesProfessional Corp. v. Paradies-Stroud*, No. C 13-01079 JSW, 2014 WL 231654, at *2 (N.D. Cal. Jan. 21, 2014) (citing *Gelfgren v. Republic Nat. Life Ins. Co.*, 680 F.2d 79, 81–82 (9th Cir. 1982)). No party has filed an opposition, and the Court finds no reason to deny Plaintiff's request.

Second, once Plaintiff deposits the insurance policy proceeds, it has no interest in Defendants' dispute on how the proceeds should be "divided between them." *Am. Gen. Life Ins. Co. v. Hart*, No. 16-CV-03904-LB, 2017 WL 1370721, at *1 (N.D. Cal. Apr. 7, 2017). Moreover, no claim has been asserted against Plaintiff. Under those circumstances, it is appropriate to dismiss Plaintiff with prejudice from this action. *See id.*

Third, while Plaintiff requests attorneys' fees and costs incurred in filing this action, Plaintiff has provided no evidence to support its request. As such, Defendants have not received notice of the amount of fees and costs which Plaintiff seeks to be paid from the interpleader fund. Thus, the Court will deny Plaintiff's request for attorneys' fees and costs. Plaintiff has submitted no objection to Judge van Keulen's recommendation to deny attorneys' fees and costs.

For the foregoing reasons, IT IS HEREBY ORDERED that:

(1) Plaintiff's Motion to Deposit and Dismiss is GRANTED IN PART and DENIED IN PART.

(2) Plaintiff is permitted to tender to the Clerk of Court the proceeds of Pham's death benefit in the sum of $200,000, plus any applicable interest calculated as of the date of this order, and Plaintiff shall tender such amount within sixty (60) days of the entry of this order.

(3) The Clerk shall accept and hold the proceeds until further order of the Court.

---

[1] The Report recommends the "issuance of an appropriate injunction against any additional actions by any of the Defendants against Plaintiff relating to the interpleaded funds." Report 3. While Plaintiff's proposed order references an injunction (ECF 41-1), Plaintiff's brief contains no argument why an injunction should be issued. The Court thus will not order an injunction.

(4) Plaintiff shall file a notice and proof showing that it has deposited the aforementioned amount within seven (7) days of tendering the proceeds.

(5) Upon filing of Plaintiff's notice and proof, the Court will enter an Order dismissing Plaintiff from this action with prejudice and discharging Plaintiff from any and all liability to Defendants for any claim, demand, action or cause of action arising out of Pham's policy.

(6) Plaintiff's request for attorneys' fees and costs incurred in filing this action is DENIED.

**IT IS SO ORDERED.**

Dated: September 4, 2018

_____
BETH LABSON FREEMAN
United States District Judge