**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| ACCORDIA LIFE AND ANNUITY COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>BE THI NGUYEN, et al.,<br><br>    Defendants. | Case No. 17-cv-05144-BLF<br><br>**ORDER DENYING WITHOUT PREJUDICE MOTION FOR DEFAULT JUDGMENT**<br><br>[Re: ECF 74] |

Before the Court is Defendants Be Thi Nguyen, H.P., and J.P.'s Motion for Default Judgment ("Motion"). Motion, ECF 74. The Court heard oral argument on the Motion on June 20, 2019. For the reasons below and as stated on the record at the Hearing, the Motion is DENIED WITHOUT PREJUDICE.

**I. BACKGROUND**

Plaintiff Accordia Life and Annuity Company ("Accordia") filed this interpleader action to resolve potential competing claims between Defendants Be Thi Nguyen, H.P., J.P., and Vo Thi Be Nam regarding proceeds from decedent Thanh Van Pham's ("Pham") life insurance policy. Compl. ¶¶ 1–6, ECF 1. Defendant Nguyen was Pham's domestic partner, and Defendants J.P. and H.P. are their minor children, born in 2010 and 2012, respectively. *See id.* ¶¶ 11–12. Nguyen, J.P., and H.P. reside in California. *Id.* ¶¶ 3–5.

An investigation uncovered that Pham had a wife, Defendant Vo Thi Be Nam, in Vietnam. Compl. ¶¶ 14, 16. Pham married Defendant Nam on December 21, 2008, in Vietnam. *Id.* ¶ 14. Pham and Nam have two minor children: V.M.T. born in 2009 and V.T.A.T. born in 2016. *Id.* Nam is a citizen of Vietnam. *Id.* ¶ 6.

On November 13, 2010, Aviva Financial Life and Annity Company ("Aviva") issued a life insurance policy ("the Policy") with a face value of $200,000 to Pham. Compl. ¶ 9. Accordia is the successor in interest to Aviva with respect to the Policy. *Id.* ¶ 10. At the time Pham applied for the Policy, Pham designated his domestic partner Nguyen as the beneficiary of the Policy. *Id.* ¶ 11. On November 17, 2015, Pham executed a change of beneficiary form dividing the policy between Nguyen and their two children. *Id.* ¶ 13. The adjusted beneficiaries were Nguyen for 60% of the policy benefit, J.P. for 20% of the policy benefit, and H.P. for 20% of the policy benefit. *Id.*

On a trip to Vietnam to visit Nam, Pham fell ill, and died on February 27, 2017. Compl. ¶ 15. Less Pham's outstanding loan balance under the Policy of $1,416.28, the proceeds due to proper beneficiaries in this matter are $198,583.72. *See id.* ¶ 22. On November 28, 2018, Accordia deposited the proceeds plus applicable interest, a total of $207,712.80, with the Clerk of Court. *See* Interpleader Deposit Receipt, ECF 63. On December 7, 2018, the Court dismissed Accordia with prejudice. *See* Order Granting Dismissal of Interpleader Plaintiff with Prejudice, ECF 68.

Meanwhile, on May 30, 2018, Defendants J.P. and H.P. crossclaimed against Defendant Nam for declaratory judgment that J.P. and H.P. are entitled to some or all of the 40% policy benefit designated by Pham to J.P. and H.P. *See* J.P. & H.P. Answer and Crossclaim, ECF 25. Also on May 30, 2018, Defendant Nguyen crossclaimed against Defendant Nam for declaratory judgment that Nguyen is entitled to the 60% policy benefit designated by Pham to Nguyen. *See* Nguyen Answer and Crossclaim, ECF 26.

On January 2, 2019, the Clerk entered Default as to Vo Thi Be Nam. *See* Entry of Default, ECF 73. On March 12, 2019, Nguyen, H.P., and J.P. filed the instant motion for default judgment against Nam in regard to decedent Pham's $200,000 life insurance policy. *See* Motion, ECF 74.

On March 15, 2019, the Court received a letter from Defendant Nam. *See* Letter No. 1, ECF 75. This letter provides Nam's email address and mailing address and appears to request access to the docket. *See id.* On March 18, 2019, the Court ordered Nguyen, J.P., and H.P. to serve Nam by email with the instant Motion and notice of the associated hearing, *see* ECF 76,

which were so served on March 20, 2019, *see* ECF 77. On April 8, 2018, the Court received a second letter from Defendant Nam. *See* Letter No. 2, ECF 78. This letter states that Nam and Pham married on December 21, 2008, that they had two children together, and that Pham had a stroke at a birthday party for one of their children and died on February 27, 2017. *See id.* The Court subsequently granted Nam permission to appear telephonically at the upcoming hearing on the Motion. ECF 79.

The Court heard oral argument on the Motion on June 20, 2019 ("the Hearing"). Nguyen, J.P., and H.P. appeared at the Hearing through counsel; however, Nam failed to appear in person or telephonically.

## II. LEGAL STANDARD

Default may be entered against a party who fails to plead or otherwise defend an action, who is neither a minor nor an incompetent person, and against whom a judgment for affirmative relief is sought. Fed. R. Civ. P. 55(a).

After entry of default, a court may, in its discretion, enter default judgment. Fed. R. Civ. P. 55(b)(2); *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In deciding whether to enter default judgment, a court may consider the following factors: (1) the possibility of prejudice to the plaintiff; (2) the merits of the plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). In considering these factors, all factual allegations in the plaintiff's complaint are taken as true, except those relating to damages. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917–18 (9th Cir. 1987). When the damages claimed are not readily ascertainable from the pleadings and the record, a court may hold a hearing to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. Fed. R. Civ. P. 55(b)(2).

## III. DISCUSSION

"When entry of judgment is sought against a party who has failed to plead or otherwise

3

1  defend, a district court has an affirmative duty to look into its jurisdiction over both the subject matter and the parties." *In re Tuli*, 172 F.3d 707, 712 (9th Cir. 1999).

Here, the Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1335, as the proceeds of the Policy exceed $500 and at least two claimants to the proceeds are of diverse citizenship. In addition, the Court has personal jurisdiction over Defendant Nam by virtue of her substantial communication with the Court and attempts to appear, and/or because Nam has a potential claim on a life insurance policy issued by an American insurance company to a California resident, *see Atcom Support LP v. Maria*, 2016 WL 5867407, at *4 (D. Del. Oct. 4, 2016); *see also* Wright & Miller, 7 Fed. Prac. & Proc. Civ. § 1711 (3d ed.) (April 2019 update) ("it would not be offensive either to due-process notions or to the purpose of these [state long-arm] statutes to conclude that a nonresident claimant to a local stake comes within the statutory standard in appropriate cases").

Next, the Court is satisfied that Defendant Nam was properly served with the summons and complaint. *See* Proof of Service (by Accordia), ECF 27. Thus, the Court turns to the *Eitel* factors. As discussed below, the Court finds that multiple *Eitel* factors weigh against the entry of default judgment as to Defendant Nam.

### A. The merits of Movants' claims and the sufficiency of the Complaint

Pursuant to the second and third *Eitel* factors, the Court concludes that Nguyen, J.P., and H.P. ("Movants") have failed to make out a meritorious claim for relief. Movants argue that no grounds exist "for paying the Policy proceeds to anyone other than Nguyen, H.P., and J.P." because "Nguyen, H.P., and J.P. are the designated beneficiaries under the Policy." *See* Motion at 8. Movants further argue that "the Complaint [ECF 1] adequately alleges all of the material facts demonstrating that Nguyen, H.P., and J.P. are entitled to recover the Policy proceeds." *See id.* As discussed below, the Court disagrees.

California is a community property state and treats the proceeds of a life insurance policy purchased with community property as community property. *See Patillo v. Norris*, 65 Cal. App. 3d 209, 215–17 (1976). This has been held to mean that a married person in California cannot defeat the interest of his or her spouse in the proceeds of a life insurance policy purchased with

4

community property, unless his or her spouse consents in writing. *See Estate of Hart v. Ray*, 135 Cal. App. 3d 684, 692–93 (1982); *see also Life Insurance Co. of North America v. Cassidy*, 35 Cal. 3d 599, 605–06 (1984). Put differently, "[a]s a general rule . . . the proceeds [of a life insurance policy] are community property if the premiums are paid out of community funds." *Estate of Hart*, 135 Cal. App. 3d at 691–92. Moreover, "there is a general presumption that property acquired during marriage by either spouse, other than by gift or inheritance, is community property unless traceable to a separate property source." *In re Marriage of Haines*, 33 Cal. App. 4th 277, 289–90 (1995).

Here, the Complaint, which Movants rely on, sets forth that decedent Pham married Defendant Nam in 2008, prior to purchasing the Policy in 2010 that named Nguyen, Pham's domestic partner. *See* Compl. ¶¶ 9, 14. In addition, Movants submit evidence that Pham was living in California when he obtained the Policy and that he executed the policy in San Jose, California. *See* Ex. 1 to Lawrence Decl., ECF 74-2. Accordingly, the community property presumption applies to the Policy. Although this presumption is rebuttable, *see Marriage of Haines*, 33 Cal. App. 4th at 290, Movants have done nothing to rebut the presumption. At the Hearing, Movants argued that Pham and Nam were separated by at least November 2015, when Pham executed a change of beneficiary form dividing the policy between Nguyen, H.P., and J.P., *see* Compl. ¶ 13. However, Pham had a second child with Defendant Nam in 2016 *after* modifying the beneficiaries of the Policy. *See id.* ¶ 14. Regardless, Pham's modification of the beneficiaries does not alter the fact that he acquired the Policy while married to Nam. Thus, it would appear that Defendant Nam has at least a community property interest in the proceeds of the Policy.

At the Hearing, the Court permitted Movants to submit supplemental authority pertaining to the proposition that the Court could award one-half of the policy proceeds to Movants under the instant Motion. Movants submitted supplemental authority on June 21, 2019. *See* Supplemental Brief, ECF 81. However, in their supplemental brief, Movants "report that no such authority [to justify awarding some, but not all, of the interpleaded funds] appears to be readily available." *See id.* at 1. Instead, Movants argue that notwithstanding Defendant Nam's possible claim to the

property, Nam has forfeited any claim to the policy proceeds by failing to appear or otherwise pursue her possible claim. *See id.* at 1–2 (citing *Western Progressive, LLC v. Robles*, 2015 WL 8028364, at *4 (N.D. Cal. Dec. 7, 2015) and other similar cases). The Court is not persuaded. Here, Defendant Nam has engaged in substantial communication with the Court and has attempted to appear on multiple occasions. *See, e.g.*, Letter No. 1, ECF 75; Letter No. 2, ECF 78. Moreover, the Court recognizes Nam's apparent pro se status. Accordingly, the Court does not find that Defendant Nam has forfeited her possible claim to the proceeds of the Policy at this juncture.

### B. The possibility of a dispute concerning material facts

Under the fifth *Eitel* factor, the Court considers whether there is a possibility of a dispute over any material fact. Here, a material dispute of fact remains as to whether decedent Pham purchased the Policy with community property, his separate property, Nam's separate property, or other funds. In addition, a possible material dispute of fact remains as to if and when Pham and Nam "separated" in the context of California community property law. The Court notes that any possibly disputed facts discussed by the Court, within this section or elsewhere, are not to be taken as an exhaustive list.

### C. The strong policy favoring decisions on the merits

The seventh *Eitel* factor considers the strong policy favoring decisions on the merits. Here, this factor weighs against the entry of default judgment, as Defendant Nam has indicated a willingness to appear such that the Court may yet reach a decision on the merits.

### D. Conclusion

As discussed above, the Court finds that multiple *Eitel* factors weigh against the entry of default judgment as to Defendant Nam. Accordingly, the Court need not and does not address the remaining *Eitel* factors. The instant Motion is hereby DENIED WITHOUT PREJUDICE.

//
//
//
//

**IV. ORDER**

For the foregoing reasons, the Motion for Default Judgment at ECF 74 is DENIED WITHOUT PREJUDICE. Nguyen, H.P., and J.P. may amend their pleadings to rebut the community property assumption as applied to the Policy and may file a motion for default judgment if Defendant Nam fails to defend against or otherwise respond to such amended pleadings. Any such amended pleadings shall be filed no later than 30 days from the date of this order. Concurrently the Court is referring this matter to the Federal Pro Bono Project for appointment of counsel for Nam which will stay this matter until four weeks after counsel is appointed. The Court will except from the stay Nguyen, H.P., and J.P.'s filing of an amended pleading. A further motion for default and default judgment may not be filed until after the stay is terminated.

**IT IS SO ORDERED.**

Dated: June 27, 2019

*/s/ Beth Labson Freeman*
BETH LABSON FREEMAN
United States District Judge