1

2

3          **UNITED STATES DISTRICT COURT**

4          **NORTHERN DISTRICT OF CALIFORNIA**

5          **SAN JOSE DIVISION**

6

7   ACCORDIA LIFE AND ANNUITY          Case No.  17-cv-05144-BLF
    COMPANY,
8
                 Plaintiffs,             **ORDER APPROVING APPOINTMENT**
9                                        **OF GUARDIAN AD LITEM AND**
            v.                           **MINORS' COMPROMISE**
10
                                         [Re: ECF 117]
11  BE THI NGUYEN, et al.,

                 Defendants.
12

13          Before the Court is the stipulation between Defendant, Cross-Claimant, and Cross-

14  Defendant Vo Thi Be Nam ("Nam"), Cross-Claimants V.M.T., a minor, and V.T.A.T., a minor,

15  (together, the "Nam Parties") and Defendants, Cross-Claimants, and Cross-Defendants Be Thi

16  Nguyen, H.P., a minor, and J.P., a minor, (the "Nguyen Parties" and collectively with the Nam

17  Parties, the "Parties") requesting an order (1) appointing Ms. Nam as the *guardian ad litem* of her

18  two minor children V.M.T. and V.T.A.T, (2) approving the minors' compromise as to all four minor

19  children, (3) distributing the interpleaded funds, and (4) and dismissing the Parties' respective

20  Crossclaims with prejudice.  Stipulation Requesting Appointment of Guardian Ad Litem, Court

21  Approval of Minors' Compromise, Distribution of Interpleaded Funds, and Dismissal of Claim

22  ("Request"), ECF 117.  For the reasons stated below, the Court GRANTS the Request.

23  **I.     BACKGROUND[1]**

24          Plaintiff Accordia Life and Annuity Company ("Accordia") is the successor in interest to

25  Aviva Financial Life and Annuity Company, which issued a life insurance policy with a face value

26  of $200,000 to Thanh Van Pham ("Pham") in 2010.  Compl. ¶ 1.  At the time of application for the

27  _____

28  [1] This section is based on allegations made in the Complaint at ECF 1.  The Court accepts these
    allegations as true for the purposes of ruling on this motion.

United States District Court
Northern District of California

insurance policy, Pham designated his domestic partner, Be Thi Nguyen, as the beneficiary of the policy. *Id.* ¶ 11. On November 17, 2015, Pham executed a change of beneficiary form. *Id.* ¶ 13. The adjusted beneficiaries were Be Thi Nguyen for 60% of the policy benefit, J.P., their first child, for 20% of the policy benefit, and H.P., their second child, for 20% of the policy benefits. *Id.* ¶¶ 12, 13. On December 21, 2008, Pham married Ve Thi Be Nam in Vietnam, and two children have been born to the marriage: V.M.T. and V.T.A.T. *Id.* ¶ 14. Pham fell ill and died on February 27, 2017 on a trip to Vietnam. *Id.* ¶ 15. Pham's unmentioned wife and children in Vietnam were discovered during routine investigation as to the death of the policyholder. *Id.* ¶ 16.

On September 6, 2017, Accordia brought this interpleader action pursuant to 28 U.S.C.A. § 1335 against Be Thi Nguyen, H.P., J.P., and Vi Thi Be Nam to resolve a dispute over the $200,000 in life insurance proceeds following the death of Pham. *See generally* Compl. The Court approved Accordia's deposit and discharged its liability. ECF 60. Accordia deposited $207,712.80 of the insurance proceeds plus interest to the Court registry. ECF 63.

The Nguyen Parties brought crossclaims against Nam contending that the Nguyen Parties are entitled to the entire amount of funds that have been deposited in the Court registry because Ms. Nguyen paid the insurance policy premiums out of her personal funds, and that those insurance proceeds should be allocated 60% to Nguyen, 20% to J.P., and 20% to H.P., as reflected in the insurance policy's beneficiary designation at the time of Pham's death. ECF 86. Nam, on behalf of herself and her minor children V.M.T. and V.T.A.T., brought crossclaims against the Nguyen Parties alleging that Nam is entitled to at least half of the funds that have been deposited in the Court registry because Ms. Nam was the spouse or putative spouse of Mr. Pham and the insurance policy was purchased with community property or quasi-community property. *See* ECF 104. Further, the Nam Parties claim that they are entitled to recover assets that they contend they would have received following Pham's death through California's rules of intestate succession, and which they contend Ms. Nguyen wrongfully retained following Mr. Pham's death. *See id.*

The Parties filed answers denying various allegations contained in the operative Crossclaims and exchanged discovery. ECF 104; ECF 108; ECF 109. The Parties then participated in a Settlement Conference with Magistrate Judge Susan van Keulen during the week of March 23, 2020

and executed the Settlement Agreement and General Release of Claims ("Settlement Agreement"). Request at 2; Request, Ex. A.

## II.     LEGAL STANDARD

### A.  Appointment of Guardian Ad Litem

Federal Rule of Civil Procedure 17(c)(2) permits federal courts to appoint a *guardian ad litem* "to protect a minor or incompetent person who is unrepresented in an action."  "It appears to be the common practice to appoint a parent to act as next friend for a child." *J. M. v. Liberty Union High Sch. Dist.*, 2016 WL 4942999, at *1 n.9 (N.D. Cal. Sept. 16, 2016) (internal quotation marks omitted).  If "a parent brings an action on behalf of a child, and it is evident that the interests of each are the same, no need exists for someone other than the parent to represent the child's interests under Rule 17(c)." *Id.* at *1 (internal quotation marks omitted) (collecting cases).  "Generally, when a minor is represented by a parent who is a party to the lawsuit and who has the same interests as the child there is no inherent conflict of interest." *Id.* at *2.

### B.  Minors' Compromise

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" *Id.* (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).

In cases involving the settlement of a minor's federal claims, a district court must consider whether the proposed settlement is fair and reasonable as to each minor plaintiff. *Robidoux*, 638 F.3d at 1182.  "[T]he district court should evaluate the fairness of each minor plaintiff's net recovery without regard to the proportion of the total settlement value designated for adult co-plaintiffs or plaintiffs' counsel—whose interests the district court has no special duty to safeguard." *Id.*

While the *Robidoux* court expressly limited its holding to settlement of a minor's federal claims, "district courts have found the *Robidoux* rule reasonable in the context of state law claims and have applied the rule to evaluate the propriety of a settlement of a minor's state law claims as

3

United States District Court
Northern District of California

1   well." *Frary v. Cnty. of Marin*, Case No. 12-cv-03928, 2015 WL 3776402, at *1 (N.D. Cal. June

2   16, 2015); *see also Mitchell v. Riverstone Residential Grp.*, No. S-11-2202, 2013 WL 1680641, at

3   *1 (E.D. Cal. Apr. 17, 2013) (collecting cases).  California law, which governs the state law causes

4   of action, also requires that a settlement for a minor be approved by the court.  *See* Cal. Prob. Code

5   § 3601; Cal. Fam. Code § 6602.

6   **III.     DISCUSSION**

7   **A.  Appointment of Guardian Ad Litem**

8   Nam submits that she is a proper representative of her children V.M.T. and V.T.A.T. in this

9   case because she and her children collectively have an interest in achieving the maximum possible

10  recovery for their family as promptly as possible.  Request at 3.  Nam will use the money and assets

11  she receives to support her family and benefit her children.  Decl. of Vo Thi Be Nam ("Nam Decl."),

12  ECF 120-2.  The Nguyen Parties do not oppose Nam's request for purposes of completing this

13  settlement.  Request at 3.

14  As stated above, there is no inherent conflict of interest because Nam is involved in the same

15  litigation and has the same interest as her children.  Therefore, the Court appoints Nam as guardian

16  ad litem of her children V.M.T. and V.T.A.T.

17  **B.  Minors' Compromise**

18  Under the proposed settlement, Ms. Nam will receive $11,250.00 of the funds that have been

19  deposited with the Court in this Action.  Request, Ex. A. ¶ 1.  J.P. will receive $40,000.00 of the

20  funds.  *Id.*  H.P. will receive $40,000.00, and Ms. Nguyen will receive the balance.  *Id.*  The Nguyen

21  Parties will assign to Nam all right, title, and interest they may have to any financial accounts or

22  assets situated in the United States owned by Pham at the time of his death other than the life

23  insurance proceeds at issue, although Ms. Nguyen represents that she is unaware of any financial

24  assets owned by Pham at the time of his death in the United States.  *Id.* ¶¶ 6, 7.  The Nguyen Parties

25  will also assign to Ms. Nam all right, title, and interest they may have to any assets and property

26  situated in Vietnam owned by Pham at the time of his death.  *Id.*  The Parties will dismiss with

27  prejudice all claims against each other.  *Id.* ¶ 2.  Each party will bear their own costs, expenses, and

28  attorneys' fees incurred in this Action.  *Id.* ¶ 10.  The Parties are represented by pro bono counsel

4

1  who are not seeking to recover any fees or costs out of the funds that were deposited with the Clerk
2  of the Court.  ECF 117-1.

3       The Court finds the compromise of V.M.T. and V.T.A.T. fair and reasonable.  Nam and her
4  children, V.M.T. and V.T.A.T., live in Vietnam and subsist on $200 per month that Nam earns by
5  cleaning house.  Nam Decl. ¶ 3.  Their lives are very hard, and their purpose in seeking to be involved
6  in this case is to receive distributions soon to cover their cost of living.  *Id.*  This settlement achieves
7  their goal because they can receive the distributions sooner than they would have had this case
8  proceeded and with certainty.  *Id.* ¶ 4; Decl. of Alexander J. Holtzman ("Holtzman Decl."), ECF
9  120.  The amount Nam and her children will receive will make a very large difference in their lives.
10  Nam Decl. ¶ 4.  Even though Ms. Nguyen declares that Pham had no assets in the United States at
11  the time of his death, Nam and her children will be entitled to any such assets if they exist because
12  the Nguyen Parties will assign any rights to those assets to Nam.  *Id.* ¶ 5.  It is also a concrete benefit
13  to Nam and her children to receive all assets owned by Pham in Vietnam at the time of his death.
14  Holtzman Decl. ¶ 12.

15       Furthermore, it would be difficult to establish custodial bank accounts for minors into which
16  separate settlement amounts for V.M.T. and V.T.A.T. could be deposited in Vietnam, so the entire
17  amount of $11,250.00 will be sent to Nam directly by bank transfer.  Holtzman Decl. ¶ 8.  Nam is
18  committed to use the money she receives for the benefit of her children.  Nam Decl. ¶ 2.  The Court
19  finds Nam's interest to be consistent with that of her children.  In consideration of the procedural
20  uncertainty involved in establishing custodial bank accounts in Vietnam, direct bank transfer is an
21  appropriate way to make distributions under the special circumstance.

22       In addition, the Court finds the compromise of J.P. and H.P. fair and reasonable.  Each of
23  them will get $40,000.00, which is 20% of the face value of the insurance proceeds, as reflected in
24  the insurance policy's beneficiary designation at the time of Pham's death.  Request, Ex. A. ¶ 1;
25  ECF 86.

26       In light of the facts of the case, the minors' claims, and the settlement of disputes regarding
27  distribution of the insurance proceeds and Pham's assets at the time of his death, the Court finds
28  that the net amount to be distributed to each minor is fair and reasonable.  The terms achieve the

United States District Court
Northern District of California

goal that the minors and their parents had for bringing the lawsuit.   Accordingly, the Court APPROVES the proposed settlement.

**IV.    ORDER**

Based on the foregoing, it is hereby ORDERED that:

1.    The Court APPOINTS Nam as the guardian ad litem for V.M.T. and V.T.A.T.

2.    The Court APPROVES the settlement on behalf of the minors as set forth herein.

3.    The Court DISMISSES the Parties' respective Crossclaims at ECF 86 and ECF 104 with prejudice.

4.    Nam may submit a Form W8-BEN in lieu of a Form W9.

5.    The Clerk of the Court is hereby directed to distribute the funds that were deposited in the Court registry in connection with this action as follows:

    a.    $11,250 to Vo Thi Be Nam via direct bank transfer;

    b.    $40,000 to J.P., payable to Be Thi Nguyen, as custodian for J.P. under the California Uniform Transfer to Minors Act;

    c.    $40,000 to H.P., payable to Be Thi Nguyen, as custodian for H.P. under the California Uniform Transfer to Minors Act; and

    d.    the remaining balance to Be Thi Nguyen.

**IT IS SO ORDERED.**

Dated: July 10, 2020

_____
BETH LABSON FREEMAN
United States District Judge

United States District Court
Northern District of California

6